IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MELVIN A MORRISS III, an individual;

Plaintiff,

vs.

BNSF RAILWAY COMPANY, a
Delaware corporation;

Defendant.

**8:13CV24**

**MEMORANDUM AND ORDER**

The plaintiff's motion to compel, (Filing No. 32), and the defendant's motion for protective order, (Filing No. 52), are pending before the court.  The court held a conference call on December 23, 2013 to issue rulings on the parties' discovery disputes. For the reasons more fully stated on the record, the court rules as follows:

**PLAINTIFF'S APPPLICATION
AND DEFENDANT'S REVIEW**

INTERROGATORY NO. 14. Please state all reasons to support Paragraph 39 of Defendant's Affirmative Defenses to Plaintiff's Complaint whereby Defendant states, "Plaintiff being allowed to work as a Mechanic- Diesel Engines poses a significant risk to himself or to others."

> <u>Response and Ruling</u>:  The defendant states all responsive information has been provided in response to interrogatory 12 and the NEOC file for this plaintiff's claim, a copy of which was fully disclosed to the plaintiff.  The defendant states it has no additional information explaining its reasons for concluding "Plaintiff being allowed to work as a Mechanic- Diesel Engines poses a significant risk to himself or to others."  The motion to compel any further response to Interrogatory 14 is denied.

REQUEST NO. 4: Produce all copies of any and all communication, internal or external, electronic or written, sent to or received by any of your employees discussing Plaintiff's qualifications for the Mechanic-Diesel Engines position.

REQUEST NO. 5: Produce all documents related in any way to Plaintiff's job qualifications for the entire period of his application of employment through your denial of his employment, including all memos, notes, and letters reflecting oral or written evaluations of Plaintiff's fitness to hold the Mechanic-Diesel Engines position.

REQUEST NO. 15: Any documents you have resulting from an investigation or inquiry into Plaintiff's background, including his employment, financial, criminal or medical history.

Response and Ruling:  As to each of these requests, BNSF raised work product and attorney-client privilege objections.  The railroad referred the plaintiff to defendant's mandatory disclosures, produced the Melvin Morriss Medical file [BNSF00015 -79] in response to Request 15, and provided a privilege log.  As to the privilege log, the parties resolved their issues except as to items 26 through 29—email communications with Comprehensive Health Services, Inc. ("CHSI"), a third party contractor.  During the course of the conference call, defense counsel explained that the emails sent to CHSI did not discuss trial strategy or the facts of this case, but merely requested documents to prepare Defendant's response to plaintiff's claims.  As described, these documents do not include counsel's mental impressions, and even if they did, any confidentiality was waived by disclosure.

The defendant shall produce the email communications with CHSI referenced in items 26 through 29 of the privilege log.  If those communications are incorporated within a PDF that includes confidential work product or privileged communications, those references may be redacted, but defense counsel shall not redact the date and address lines of the emails; the plaintiff is thereby permitted to confirm that no disclosure to third party CHSI occurred.

REQUEST NO. 21: Your non-privileged internal communications, written or electronic, including but not limited to letters, notes, faxes or emails, concerning any facts or allegations in Plaintiff's Complaint and/or any of your affirmative defenses.

<u>Response and Ruling</u>:   Defendant states all responsive documents were produced with Defendant's Mandatory Disclosures and the documents specifically referenced in Defendant's Response to Request No. 4.  Accordingly, the motion to compel a further response is denied.

## JOB DESCRIPTIONS

REQUEST NO. 10: Any and all written job descriptions, rules, guidelines, policies, or procedures established by Defendant with respect to the Mechanic-Diesel Engines position.

<u>Response and Ruling</u>:   Defendant states that as to the issues underlying its determination that "Plaintiff being allowed to work as a Mechanic- Diesel Engines poses a significant risk to himself or to others," all responsive documents have been produced.  That is, the determination was made based on physiological issues with plaintiff's overall health (e.g., risk of apnea, diabetes, sudden cardiac event, etc.), and not on his current inability to perform job functions, (e.g., whether his physical size would limit his ability to perform certain required tasks, etc.), and therefore manuals, guides, and rules on how certain tasks must be performed by Diesel Engine Mechanics are not relevant and would not lead to the discovery of relevant information.  Based on the representations of defense counsel, the motion to compel a further response is denied.

## OTHER APPLICANTS

INTERROGATORY NO. 8.  Since January 1, 2008, identify the name of each and every employee who has applied for the Mechanic-Diesel Engines position. For each employee, state and identify:

3

a. the name and address of the employee;

b. whether the individual was offered employment or denied employment;

c. for each person hired and employed by Defendant, the dates of their employment; and

d. for each person denied employment, the reason employment was denied.

REQUEST NO. 6: A complete copy of your employee or personnel file on each person who applied for the Mechanic-Diesel Engines position, regardless of whether they were hired or not, from January 1, 2009 through the present.

REQUEST NO. 7: A copy of any record of each and every communication sent to any applicant for the Mechanic-Diesel Engines position informing said person of your decision to hire or not employ said individual, from January 1, 2009 to the present.

Response and Ruling:   The court finds Interrogatory 8 and Requests 6 and 7 are not tailored to disclose relevant information or information which may lead to the discovery of information relevant to this case regarding applicants, jobs, or alleged disabilities or impairments substantially similar to the plaintiff's claims.  As such, the discovery requests are overly broad and unduly burdensome.  The court further finds that responding to this discovery would invade the privacy interests of third parties.  The railroad's objections are sustained.

## OTHER CLAIMS

INTERROGATORY NO.1. Except for this action, from January 1, 2009, to the present, has Defendant ever responded to a charge or complaint alleging discrimination on the basis of disability against Defendant in a court of law or with any administrative agency established to process such claims including, but not limited to, the Nebraska Equal Opportunity Commission and/or the United States Equal Employment Opportunity Commission? If so, as to each charge or complaint, identify and describe:

a. the name and location of the court and/or administrative agency;

b.  the agency file or charge number;

c.  the name of the employee who filed the charge;

d.  the nature of the charge or complaint; and

e.  the ultimate disposition of the charge or complaint.

REQUEST NO. 19: A copy of any document related in any way to a complaint or charge of disability discrimination filed against you with the U.S. Equal Opportunity Commission, or any other state or local Fair Employment Agency from January 1, 2008 to the present.

REQUEST NO. 20: A copy of any document related in any way to a lawsuit or other claim for damages resulting from allegations of disability discrimination filed against you in any federal, state or local court from January 1, 2008 to the present.

Response and Ruling:   The court finds Interrogatory 1 and Requests 19 and 20 are not tailored to disclose relevant information or information which may lead to the discovery of information relevant to this case regarding claimants with alleged disabilities or impairments substantially similar to the plaintiff's claims, or to claims based on the arguments and defenses at issue in this case, and as such, the discovery requests are overly broad and unduly burdensome.  The court further finds that responding to this discovery would invade the privacy interests of third parties.  The railroad's objections are sustained.

## STATEMENTS

INTERROGATORY NO. 15: Have you interviewed anyone or obtained any verbal statements from anyone with respect to the occurrence involved herein? If so, with respect to each person interviewed, please identify the person who was interviewed and the date the interview took place.

Response and Ruling:   The railroad's objection to identifying the people from whom it has obtained statements, and the dates of those interviews, is overruled.

The identity of the people interviewed and the interview dates is not privileged information or protected under the work product doctrine.

REQUEST NO. 13: Any and all written, transcribed or recorded statements that have been taken by you, or taken by someone on your behalf, or that may be subject to your control that relate in any way to this case.

Response and Ruling:  The railroad's work product objections are sustained.  The plaintiff is not entitled to copies of the witness statements collected by the railroad absent a showing of substantial need.

## EXPERTS

REQUEST NO. 28:  Any and all documents and materials provided to or reviewed by any expert witness whom you expect to call at trial, without regard to whether any document or material forms the basis of the expert's opinion.

REQUEST NO. 30:  For each expert you expect to testify at trial, produce his or her entire file concerning this matter, including but not limited to, all reports, memoranda, notes, measurements, drawings or other materials including photographs, videotapes, computer-generated materials (including simulations, etc.), any and all correspondence, including e-mail communications, electronic data and facsimiles, to and from others that he or she utilized in preparation of his or her expert opinion rendered in the above matter.

REQUEST NO. 31:  For each expert you expect to testify at trial, produce a list of all the written works and/or publications he or she has authored.

REQUEST NO. 32:  Any and all articles, treatises, manuals, textbooks, abstract or other publications or materials which you or your experts contend are reliable and/or authoritative on any of the issues concerning this case.

REQUEST NO. 33: For each expert you expect to testify at trial, produce a compilation of his or her trial and deposition testimony by case and client within the last five (5) years.

REQUEST NO. 34: Any and all invoices, statements, bills or other materials reflecting the hours of work performed and the fees charged by any expert witness or potential expert witness retained or consulted on behalf of the Defendant.

<u>Response and Ruling</u>:  As to each of the expert witness requests, the railroad raised attorney-client privilege and work product objections, further asserting that the Requests seek information beyond the scope of permissible expert discovery under Rule 26 of the Federal Rules of Civil Procedure.

The question presented is whether a party can use the general discovery mechanisms within the Federal Rules to obtain more information about an opposing party's experts than is required to be disclosed under the more specific discovery provisions of Rule 26(a)(2) and 26(b)(4).   That is, does Rule 26(a)(2) and Rule 26(b)(4) set a minimum disclosure requirement, or does it describe the maximum an opposing party can obtain?   And is the answer different if the expert is not retained, specially employed or otherwise required to provide a report under Rule 26(a)(2)(B)?

Rule 26 specifically mentions two means for obtaining expert discovery:  1) the mandatory disclosure of expert reports and opinions under Rule 26 (a)(2); and 2) expert depositions.  Fed. R. Civ. P. 26(b)(4).  As applied specifically to testifying experts who must provide reports, Rule 26 further codifies that communications between the party's attorney and the expert witness are protected under the work product doctrine unless the communications:

(i)   relate to compensation for the expert's study or testimony;

(ii)  identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C).   The protection afforded under Rule 26(b)(4)(B) and Rule 26(b)(4)(C) "apply to all forms of discovery." Fed. R. Civ. P. 26(b)(4), 2010 Amendments.   Since attorney/expert communications are protected "regardless of the form," documented communications are protected.   In addition, Rule 26(b)(4) does not "exclude protection under other doctrines, such as privilege or independent development of the work-product doctrine." Fed. R. Civ. P. 26(b)(4), 2010 Amendments.

Using Requests for Production under Rule 34, the plaintiff has requested expert disclosures which exceed the scope of disclosure required under Rule 26.[1]  Based on the parties' representations during the court hearing, the plaintiff's requests parrot the

---

[1] A threshold question is whether Rule 34, Rule 30(b)(5), or Rule 45 applies to obtaining documents from a retained and testifying expert.  Compare *Alper v. U.S.*, 190 F.R.D. 281, 283 (D.Mass. 2000) ("Given the fact that Dr. Becker is Defendant's expert, the documents which Plaintiff seeks from him may be considered to be within Defendant's control.  Hence, Rule 34, not Rule 45, would appear to apply."); *Ambrose v. Southworth Products Corp.*, 1997 WL 470359, 1 (W.D. 1997)(holding a subpoena directed to a non-party expert retained by a party is not within the ambit of a Rule 45 document production subpoena); Fed. R. Civ. Pro. 26(b)(4) which does not permit the use of a bare subpoena duces tecum); *Hartford Fire Ins. v. Pure Air on the Lake Ltd.*, 154 F.R.D. 202, 208 (N.D. Ind. 1993) (holding a party cannot use Rule 45 to bypass Rule 26(b)(4) in order to obtain an expert's files); *Expeditors International of Washington, Inc. v. Vastera, Inc.* 2004 WL 406999, 3 (N.D. Ill. 2004)(holding Rule 45, not Rule 34, governs discovery from retained experts); *Smith v. Transducer Technology, Inc.*, 2000 WL 1717332, 2 (D.V.I. 2000)(holding a Rule 30(b)(5) notice of deposition to the opposing party is not a proper vehicle to compel production of documents from an expert witness at the expert's deposition. "A Rule 45 subpoena duces tecum in conjunction with a properly noticed deposition may do so (subject however to any Rule 26 limitations).").

Since I find that irrespective of the rule deployed, expert discovery beyond the scope of Rule 26(a)(2) and 26(b)(4) is impermissible absent some threshold showing of need, I need not decide which Rule should be used to demand the requested discovery from a testifying expert.

defendant's requests.  The defendant's has objected to the same requests it served on the plaintiff.  Those objections are now before the court for resolution.

Plaintiff has requested production of all "documents and materials provided to or reviewed by" a testifying expert "without regard to whether any document or material forms the basis of the expert's opinion." (Request 28).  This request would encompass all communications between the lawyer and the expert (including any draft opinions) and potentially other documents containing attorney work product, and it exceeds the scope of discovery permitted under Rule 26(b)(4).   Moreover, irrespective of whether the testifying expert was required to file a report, demanding disclosure of all documents an attorney selected and presented to the expert, without regard to whether those documents were relied upon, considered, or of any value in forming the expert's opinions, violates the work product doctrine independently developed through case law.  See *Peterson v. Douglas County Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir. 1992)(holding an attorney's selection of a subset of documents to be used discloses counsel's mental impressions and is work-product); *Cordy v. Sherwin-Williams Co.*, 156 F.R.D. 575 (D.N.J. 1994)(selection of photographs given to an expert constituted work-product).  As to Request 28, defendant's objections are sustained.

Requests 30 through 34 request expert information beyond the scope of the written report requirements of Rule 26(a)(2)(B), and well beyond the requirements imposed on experts who are not required to provide a written report.  Fed. R. Civ. P. 26(a)(2)(C).  Specifically, even assuming the expert is retained, specially employed, or regularly provides testimony for the defendant:

- Request 30 seeks not only the facts and data considered by the expert, (Fed. R. Civ. P. 26(a)(2)(B)(i)), and any exhibits the expert will use to summarize and support those opinions, (Fed. R. Civ. P. 26(a)(2)(B)(ii)), but the expert's entire file.

- Request 31 requests not only publications and written works the expert authored over the last 10 years, but every such document he or she ever authored.
- Request 32 requests the identity of any publications the railroad or its experts contend "are reliable and/or authoritative on any of the issues" in this case—a topic never mentioned in Rule 26.

- Request 33 requests a five-year compilation of the expert's trial and deposition testimony, not the four-year listing required under Rule 26(a)(2)(B)(5); and

- Request 34 demands not only a statement of the amounts paid to the testifying expert, but production of all documents, including invoices and statements, reflecting the hours of work performed and the fees charged by not only the railroad's testifying expert witnesses, but any potential expert witnesses it retained or consulted.

Request 30 would likely encompass everything document received from the defendant's attorney, and all documented communications and draft reports between the expert and defense counsel.  As such, Request 30 demands information beyond the scope of Rule 26(b)(4)(B) and (C) and information protected under the work product doctrine. As to Request 30, defendant's objections are sustained.

Request 34 demands documentation regarding amounts paid for not only testifying experts, but any consulting and retained experts.  Producing the requested invoices and statements would, in turn, disclose who received payments for expert services, thus disclosing the identity of not only testifying, but non-testifying experts.  "Courts have consistently held . . . . that a party may not discover the identity of, facts known by, or opinions held by an informally consulted expert." *Cox v. Piper, Jaffray & Hopwood, Inc.*, 848 F.2d 842, 845 (8th Cir. 1988); Fed. R. Civ. P. 26(b)(4)(D) (discovery regarding a non-testifying expert is permitted only on a showing of exceptional circumstances). And even if the identity of the non-testifying experts is redacted from the invoices and statements, the amount a party paid for case preparation is not relevant nor likely to lead to the discovery of information relevant to the issues raised in the parties' pleadings.

The court finds that absent some threshold showing of need, the broad discovery provisions of Rules 34 and Rule 45 cannot be used to undermine the specific expert witness discovery rules in Rule 26(a)(2) and (b)(4).  The expert disclosure and discovery limitations of Rule 26 represent a reasoned balance between sufficient expert disclosures and unfettered expert discovery as expressed in case law and the documented discussions of the Rules Committee.  As referenced repeatedly in the advisory notes to Rule 26, the provisions of the rule were adopted to limit the undue burden and cost of expert discovery.  And this concern is particularly acute with experts who were not retained or specially employed to provide expert testimony.  "Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[2]  Fed. R. Civ. P. 26(b)(4), 2010 Amendments.

> Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party. . . . [T]hey operate as a control, or brake if you will, on the potential runaway use of [discovery from] experts retained by a party to testify at trial.  These methods are tried and true.  They both are simple and provide protection for the parties and witnesses.

Marsh v. Jackson, 141 F.R.D. 431, 433 (W.D.Va. 1992)(holding a Rule 45 document-only subpoena duces tecum cannot be used to expand the scope of expert discovery allowed under Rules 26(b)(4)).

The plaintiff's Requests 28, 30, 31, 32, 33, and 34 each seek information beyond the expert report and disclosure requirements of Rule 26(a)(2) and Rule 26(b)(4).  The plaintiff has shown no compelling reason for expanding the expert discovery

---

[2] See e.g., In re Snyder, 115 F.R.D. 211, 216 (D.Ariz.1987)(recognizing that legal discovery poses the risk of harassing researchers and interfering with their work; "Members of both the legal and research communities would do well to consider the implications of the present law, and to propose amendments that would increase certainty as to the scope of discovery from 'involuntary expert witnesses.' ").

obtained from the defendants' experts—whether testifying or not.  Therefore, as to each of these requests, the defendant's objection that the requests exceed the scope of permissible discovery under Rule 26 will be sustained.  See, e.g., *In re Fuller,  2013 WL 5305317, 1 (D. Me. 2013)* (quashing a subpoena served on a disclosed expert to obtain "billing records, time sheets, invoices, notes, fee agreements, . . ." and copies of expert reports dating back over 10 years); *Schwarz & Schwarz of Virginia, L.L.C. v. Certain Underwriters at Lloyd's London, 2009 WL 1043929, 5 (W.D. Va. 2009)* (quashing a Rule 45 subpoena served on a retained and testifying expert for production of the expert's entire case file).  See also, Fed. R. Civ. P. 26(b)(4), 1991 Amendments, stating Rule 45 does not apply to the expert retained by a party; the provisions of Rule 26(b)(4) govern such discovery.


        Accordingly,


        IT IS ORDERED that the plaintiff's motion to compel, (Filing No. 32), and the defendant's motion for protective order, (Filing No. 52), are each granted in part and denied in part as set forth in this order.


        January 13, 2014.                          BY THE COURT:

                                                   *s/ Cheryl R. Zwart*
                                                   United States Magistrate Judge


*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.